# IN THE MATTER OF F. ALSINA & COMPANY.

---

Ponce, Bankruptcy, No. 93.

Bankruptcy—Liquidators.

   It being the policy of the bankruptcy law to determine matters expeditiously, liquidators appointed under the Porto Rican statute will not be struck out, after they have become parties to the proceeding, until it is shown that their interest is otherwise represented.

Opinion filed January 15, 1914.

---

*Mr. Jaime Seix* for the petitioners.

*Mr. J. A. Poventud* for the nonconsenting partner.

HAMILTON, Judge, delivered the following opinion:

A motion was made and submitted yesterday to strike out the answer of Morales. This has received careful consideration. It brings up a matter which is not distinctly within the text of the bankruptcy law, and has to be decided upon principle rather than upon authority. There seems to be no doubt

In the Matter of F. Alsina & Co.

that in a case like this,—a case of a partnership,—one or more partners may apply to have the firm placed in bankruptcy. It is not a case in which the creditors are concerned for the time being. They are concerned in the collection of the assets and the distribution of the fund. At the present time the creditors as such have no interest. The only persons specifically named in the bankruptcy law who have an interest at this stage of the proceeding are the nonconsenting partners, if there be any.

In this case the nonconsenting partner was duly notified, and has appeared, and is contesting the application to place the firm in bankruptcy. This case, however, presents a somewhat different condition from ordinary cases because of the local law, which permits the appointment of liquidators to wind up the partnership. This seems to be a civil law procedure, and a very close analogy is found in Louisiana, under the Louisiana law, which is based upon the Code Napoleon. The powers and duties of these liquidators seem to make them take the place of the firm itself; to take over the assets and business of the firm, and *pro hac vice* to be the firm to a very large extent. Of course, I am not deciding that absolutely.

These liquidators in this case come in, not so much as creditors, at least upon their own allegation, as attorneys in fact, we might call them, to use a common-law expression, of the original firm itself. In other words, the question now is whether the firm has a right to go into bankruptcy, or whether it has delegated all its rights and powers to the liquidators. I am not to be understood as deciding at present one way or the other, whether that has been done or has not been done; but, at all events, that is one of the issues before me.

In the Matter of F. Alsina & Co.

As stated, no exact analogy has been furnished; no decision has been furnished me in an exactly similar case, and, under the general principle of the bankruptcy law, which is to have an expeditious settlement of all questions, it is best to have everybody before the court who sets up an interest, to be struck out later if he has no interest.  I therefore feel that I will best subserve the ends of justice by refusing the motion to strike out the answer of the liquidators, and by considering them parties to this proceeding, at least for the time being.  It may appear on the evidence, or in some other way, that they do not belong here; but I think admitting them will be the best course to pursue.  So the motion is refused.